UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN C. WEM,

        Petitioner,        Case Number: 5:09-CV-13754

v.        HON. JOHN CORBETT O'MEARA

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Shawn C. Wem has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, challenges the revocation of his parole. For the reasons stated, the Court dismisses the petition without prejudice.

### I.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-339 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb. 11, 2003). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court

conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003).

In this case, Petitioner fails to show exhaustion of state court remedies. The Court finds that Petitioner still has available to him a state court remedy to challenge his parole revocation proceedings.

In Michigan, a prisoner may challenge his continued confinement pursuant to a parole revocation by filing a complaint for habeas corpus in the circuit court. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (Mich. Ct. App. 1985). If the circuit court denies the complaint for habeas corpus, a prisoner may file an original complaint in the Michigan Court of Appeals. *Id.* at 779-80. If the Michigan Court of Appeals also denies relief, the prisoner may file an application for discretionary review in the Michigan Supreme Court. Mich. Ct. R. 7.301(A)(2). Petitioner will not be time barred from filing a complaint for habeas corpus in state court because "there is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Triplett*, 142 Mich. App. at 779. Therefore, the Court concludes that Petitioner has failed to exhaust his state court remedies and that a process remains available through which Petitioner may present his claims in state court.

**II.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### III.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED and Petitioner's Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.


                                        s/John Corbett O'Meara
                                        United States District Judge


Date: March 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 3, 2011, using the ECF system, and upon Petitioner at Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 by first-class U.S. mail.

s/William Barkholz
Case Manager