UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN C. WEM,

        Petitioner,               Case Number: 5:09-CV-13754

v.                                           HONORABLE JOHN CORBETT O'MEARA

SHERRY BURT,

        Respondent.

_____/

**ORDER CONSTRUING PETITIONER'S REQUEST FOR CERTIFICATE
OF APPEALABILITY AS MOTION FOR RECONSIDERATION
AND DENYING MOTION, GRANTING REQUEST TO PROCEED *IN FORMA
PAUPERIS*, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Shawn C. Wem filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. On March 3, 2011, the Court issued an "Opinion and Order of Dismissal Without Prejudice." The Court also denied a certificate of appealability. Petitioner has filed a pleading titled "Request for Certificate of Appealability." Because the Court already has denied a certificate of appealability (COA), the Court construes the pleading as requesting reconsideration of that denial. Petitioner also has filed a Request to Proceed *In Forma Pauperis* on Appeal and a Motion for Appointment of Counsel.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R.

7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Petitioner also has filed a Request to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a

reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the Court held that a certificate of appealability should not issue, the Court concludes that an appeal in this case may be taken in good faith. The Court, therefore, grants Petitioner's "Motion to Proceed *In Forma Pauperis*."

Additionally, Petitioner requests counsel to represent him on appeal. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The interests of justice do not require appointment of counsel at this time and the motion will be denied.

Accordingly, IT IS ORDERED that Petitioner's "Request for Certificate of Appealability" [dkt. # 12 ] is construed as a "Motion for Reconsideration" and the "Motion for Reconsideration" and Petitioner's "Motion for Appointment of Counsel" [dkt. #13] are DENIED.

3

IT IS FURTHER ORDERED that Petitioner's Request to Proceed *In Forma Pauperis* [dkt. #11] is GRANTED.

                                                 s/John Corbett O'Meara
                                                 United States District Judge

Date:  September 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 15, 2011, using the ECF system and/or ordinary mail.

                                                 s/William Barkholz
                                                 Case Manager